PeaesoN, C. J.
 

 We are deeply impressed with the conviction, that if the testator could now be asked, “ Was it your intention, in addition to the four negroes which you gave to. Mrs. Gillis, and the four others which you gave to her children, also, to give her three small negroes by your will ?” the answer would be,
 
 “
 
 that was not my intention ; for my object was to make all my children equal.”
 

 If, by the application of the principles of law, which have been adopted for the purpose of giving effect to the intention of testators, there should be a failure to give effect to the intention, in this particular instance, the reply is, it must be ascribed, not to any defect in the principles of law, but to the unaccountable neglect of the testator.
 

 Assume, as insisted. upon on the part of the defendants, that the will was written and signed in 1842, the day of its date: If. it was the intention of the testator, by his deed of gift in 1845, of four negroes to the children, of Mrs. Gillis, to satisfy the legacy to her of “ three small negroes,” it was neglect, on his part, not to have that fact set out in the deed. Again ; if such was his intention, he was guilty of the most unaccountable neglect in 1847, when the paper was in his presence, formally attested by two witnesses, for the purpose of giving it legal effect, in not then revoking the legacy of “ three small negroes” to his daughter, on the ground, that he had made her equal to her brothers by the gift to her children.
 

 
 *271
 
 Law is made for the vigilant and not for the negligent, is a maxim which may be applied as well to those who are giving away property, as to those who are seeking to acquire it. In our case, it was the neglect of the testator not to give evidence of his intention, and there is no ground on which it can be presumed. The gift, which is insisted upon as a satisfaction of the legacy, was not of
 
 three
 
 small negroes, but of
 
 foivr
 
 negroes, one of whom was a grown woman, and the gift was not to the daughter, but to her children, and if parol evidence were competent to show the intention, there is no evidence that, at any time, the testator declared that the intention was to satisfy the legacy by this gift. In
 
 Howze
 
 v. Mallett, 4 Jones’ Eq. 194, the testator required the legatee to admit, expressly, in writing, that the money was received in satisfaction of the legacy.
 

 The conclusion that the legacy was not adeemed by the gift, is irresistable on principles well-settled — putting the case on the supposition that the paper was signed by the testator in 1842, (as to which, there is no proof). On the supposition, that the paper was not signed until after the gift, there is no ground on which to base an argument in support of an ademption. So, taking it either way, the defendants have failed to establish the allegation, that the legacy is satisfied.
 

 There must be a -decree that the plaintiffs are entitled to the value of the three small negroes to be fixed, two years after the death of the testator, with interest from that date; as to which, there wilThe a reference.
 

 Per Cueiam, Decree accordingly.